IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. DOWD and SANTOS GARCIA,<br><br>  Plaintiffs,<br><br>  v.<br><br>KERN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>  Defendants. | Case No.: 1:11-cv-01097 LJO JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFFS' FAILURE TO PROSECUTE AND OBEY THE COURT'S ORDER |

Robert E. Dowd and Santos Garcia ("Plaintiffs") initiated this action on June 30, 2011 (Doc. 1), and summons were issued on July 5, 2011 (Docs. 6-7). To date, no defendant has filed a responsive pleading in this matter, and the Court notes that no proofs of service have been filed evidencing that the defendants have been served.

On July 5, 2011, the Court issued its "Order Setting Mandatory Scheduling Conference," which set forth the obligations related to the Scheduling Conference, set for October 19, 2011. (Doc. 8). The Order informed Plaintiffs,

> The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. Accordingly, **plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims. Plaintiff(s) shall promptly file proofs of service** of the summons and complaint so the Court has a record of service. Counsel are referred to F.R.Civ.P., Rule 4 regarding the requirement of timely service of the complaint. **Failure to timely serve summons and complaint may result in the imposition of sanctions, including the dismissal of unserved defendants**."

(Doc. 8 at 1) (emphasis added).  Furthermore, the Order warns failure to comply with the Order may result in dismissal of the action:

> **SHOULD COUNSEL OR A PARTY APPEARING PRO SE FAIL TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN <u>EX PARTE</u> HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, INCLUDING SANCTIONS AND CONTEMPT OF COURT.**

*Id* at 8 (emphasis in original).  On October 19, 2011, Plaintiffs failed to appear at the initial scheduling conference.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiffs are **ORDERED** to show cause within 14 days of the date of service of this Order why the action should not be dismissed for their failure to prosecute this action and to obey the Court's Order.

IT IS SO ORDERED.

Dated:   **October 19, 2011**                    /s/ Jennifer L. Thurston
                                                   UNITED STATES MAGISTRATE JUDGE