IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. DOWD and SANTOS GARCIA, | Case No.: 1:11-cv-01097 LJO JLT |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITH |
| v. | PREJUDICE FOR PLAINTIFFS' FAILURE TO PROSECUTE AND FAILURE TO COMPLY |
| KERN COUNTY SHERIFF'S DEPARTMENT, et al., | WITH THE COURT'S ORDERS |
| Defendants. | |

Robert E. Dowd and Santos Garcia ("Plaintiffs") initiated this action on June 30, 2011 (Doc. 1), and summons were issued on July 5, 2011 (Docs. 6-7). To date, no proofs of service have been filed evidencing that the defendants have been served. For the reasons set forth below, the Court recommends the action be **DISMISSED WITH PREJUDICE**.

**I. Procedural History**

On July 5, 2011, the Court issued its "Order Setting Mandatory Scheduling Conference," which set forth the obligations related to the Scheduling Conference, set for October 19, 2011. (Doc. 8). The Order informed Plaintiffs, "The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. Accordingly, **plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims**." (Doc. 8 at 1) (emphasis added). Furthermore, the Order warns failure to comply with the Order may result in dismissal of the action:

1

**SHOULD COUNSEL OR A PARTY APPEARING PRO SE FAIL TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN EX PARTE HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, INCLUDING SANCTIONS AND CONTEMPT OF COURT.**

*Id* at 8 (emphasis in original). On October 19, 2011, Plaintiffs failed to appear at the initial scheduling conference. Therefore, the Court issued an Order to Show Cause as to why the action should not be dismissed for Plaintiffs' failure to prosecute or obey the Court's order on October 19, 2011. (Doc. 10). Plaintiffs were ordered to show cause within fourteen days of the date of service, or by November 2, 2011. *Id*. at 2. To date, Plaintiffs have failed to respond to the Court's order.

## II.  Failure to prosecute and obey the Court's orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.  Discussion and Analysis

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Notably, Plaintiffs have failed to provide evidence the defendants have been served with this action, in spite of the necessity of service before the case may proceed.

Finally, the Court's warning to Plaintiffs that failure to comply with the order would result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Plaintiffs were informed that failure to comply with the "Order Setting Mandatory Scheduling Conference" may result in dismissal. (Doc. 8 at 8). In addition, in the Order to Show Cause, the Court warned that it "may dismiss an action with prejudice, based upon a party's failure to prosecute an action or failure to obey a court order . . ." (Doc. 10 at 2). Thus, Plaintiffs had adequate warning that dismissal would result from noncompliance with the Court's orders, and their failure to prosecute the action. Given these facts, the Court finds the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV. Findings and Recommendations

Since filing the Complaint on June 30, 2011, Plaintiffs have failed to prosecute this action or show proof defendants have been served. Furthermore, Plaintiffs failed to appear at the scheduling conference, failed to show cause why the matter should not be dismissed and failed to comply with the Court's Orders. (Docs. 8, 10).

Accordingly, **IT IS HEREBY RECOMMENDED**:

This action be **DISMISSED WITH PREJUDICE** for Plaintiffs failure to prosecute and failure to obey the Court's orders dated July 5, 2011 and October 19, 2011.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within FOURTEEN (14) days after being served with these Findings and Recommendations, Plaintiffs may file written objections with the Court. Such a document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file
2  objections within the specified time may waive the right to appeal the District Court's order.
3  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5  IT IS SO ORDERED.

6  Dated:   **November 7, 2011**                                         /s/ Jennifer L. Thurston
                                                                  UNITED STATES MAGISTRATE JUDGE